IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 05 2016
JEFFREY P. COLWELL
CLERK

| | |
|---|---|
| CANDIS TAI § | |
| *Plaintiff,* § | |
| § | Case No _____ |
| vs § | |
| § | Judge _____ |
| SYNERPRISE CONSULTING SERVICES, INC. § | |
| *Defendant.* § | |
| § | TRIAL BY JURY DEMANDED |

**COMPLAINT FOR VIOLATIONS THE TELEPHONE
CONSUMER PROTECTION ACT 47 U.S.C. § 227**

**JURISDICTION**

1. This court has jurisdiction under 47 U.S.C. § 227(b)(3), and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

**PARTIES**

3. The Plaintiff in this lawsuit is Candis Tai, who lives in Eagle County, Colorado.

4. Defendant Synerprise Consulting Services, Inc. ("SCS"), is a debt collection company with offices at 2809 Regal Road, Suite 107, Plano, Texas 75075

**VENUE**

5. The occurrences which give rise to this action occurred in Eagle County, Colorado and Plaintiff is located in Eagle County, Colorado.

6. Venue is proper in the District of Colorado.

## GENERAL ALLEGATIONS

7. On or about June 4, 2014 SCS began calling Plaintiff's wireless phone number 972-XXX-XXXX from phone number 913-262-6850. Upon information and belief said number is used by SCS in their debt collection operations.

8. SCS made **at least 45 individual calls** to Plaintiff's wireless phone beginning June 4, 2014 and continuing through March 24, 2015 using ATDS capable equipment.

9. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent to do so, express or otherwise, of the Plaintiff having been given at any time.

10. The calls from the Defendant to Plaintiffs wireless phone number occurred on the following dates and times:

1) 6/4/2014 at 7:56am;
2) 6/5/2014 at 3:22pm;
3) 6/6/2014 at 7:51am;
4) 6/9/2014 at 10:39am;
5) 6/10/2014 at 8:03am;
6) 6/11/2014 at 7:39am;
7) 6/12/2014 at 1:02pm;
8) 6/13/2014 at 7:35am;
9) 6/16/2014 at 10:32am;
10) 6/17/2014 at 7:51am;
11) 6/18/2014 at 8:10am;
12) 6/19/2014 at 1:11pm;
13) 6/20/2014 at 7:57am;
14) 6/23/2014 at 9:29am;
15) 6/24/2014 at 8:04am;
16) 6/25/2014 at 8:01am;
17) 6/26/2014 at 8:04am;
18) 6/27/2014 at 8:20am;
19) 6/30/2014 at 11:10am;
20) 7/1/2014 at 11:58am;
21) 7/7/2014 at 12:19pm;
22) 7/8/2014 (time unclear due to cell tower communication malfunction);
23) 7/9/2014 at 6:22pm;
24) 7/14/2014 at 8:18am;
25) 7/16/2014 at 1:20pm;
26) 7/17/2014 at 3:19pm;

27) 7/21/2014 at 8:40am;
28) 7/28/2014 at 8:43am;
29) 7/30/2014 at 3:37pm;
30) 8/4/2014 at 8:51am;
31) 8/6/2014 at 2:58pm;
32) 8/12/2014 at 3:16pm;
33) 8/19/2014 at 5:54pm;
34) 8/25/2014 at 6:13pm;
35) 8/27/2014 at 6:31pm;
36) 9/2/2014 at 6:52pm;
37) 9/8/2014 at 6:32pm;
38) 9/16/2014 at 6:59pm;
39) 9/26/2014 at 2:42pm;
40) 9/29/2014 at 6:09pm;
41) 11/18/2014 at 2:27pm;
42) 2/3/2015 at 1:46pm;
43) 2/9/2015 at 6:53pm;
44) 3/24/2015 at 1:37pm;
45) 3/24/2015 at 1:37pm.

11. Further, on the occasions when Plaintiff answered Defendant's calls there would be no one on the line and there would be only silence.

12. On at least one occasion when Plaintiff answered Defendant's calls she stated "you need to stop calling this phone" or "you need to stop calling this number", but there was only silence followed by disconnection.

13. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiffs wireless phone using an automatic telephone dialing system (ATDS) as defined by the Federal Communications Commission.

14. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

15. Upon information and belief, Defendant placed the calls to the Plaintiff identified above under its own free will.

16. Upon information and belief, the Defendant had knowledge that it was using an automatic

telephone dialing system to place each of the telephone calls identified above.

17. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

18. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless telephone number.

19. This complaint is brought within the statute of limitations pursuant to 47 U.S.C. § 227. At the times that all of the above identified calls were received on her wireless phone Plaintiff was the subscriber to the called number, was the sole person having custody of said phone and paid for the airtime to same.

20. Plaintiff has done due diligence in an effort to mitigate damages and settle all claims prior to litigation. Plaintiff engaged in negotiations for settlement with counsel for Defendant to no avail.

## COUNT I

### VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

21. Plaintiff repeats and re-alleges each and every allegation stated above.

22. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a.    Adjudging that SCS violated the TCPA 47 U.S.C. § 227.

    b.    Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to Plaintiff's wireless phone as knowing and/or willful violations;

    c.    Awarding Plaintiff any fees and costs incurred in this action;

  d.  Awarding Plaintiff any post-judgment interest as may be allowed under the law;

  e.  Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: May 2, 2016

Respectfully Submitted,

*Candis Tai*

Candis Tai
131 Ermine Lane
Carbondale, Colorado 81623
970-704-1068